

# IN THE
# TENTH COURT OF APPEALS

No. 10-18-00245-CR
No. 10-18-00246-CR

**SAMUEL EARL EVANS,**

                                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                                    **Appellee**

From the 13th District Court
Navarro County, Texas
Trial Court Nos. D37863 and D37861

## MEMORANDUM OPINION

A jury found Appellant Samuel Earl Evans guilty of tampering with physical evidence and taking a controlled substance into a correctional facility; the trial court assessed Evans's punishment, enhanced by prior felony convictions, at twenty-six years' imprisonment for each offense, to run concurrently. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2018), § 37.09 (West 2016), § 38.11 (West Supp. 2018). These appeals ensued. We affirm the trial court's judgments.

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), Evans's court-appointed appellate counsel filed a brief and motion to withdraw with this Court, stating that her review of the record in each appeal yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Evans's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgments. Counsel has informed this Court that she has: (1) examined the record in each appeal and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on Evans; and (3) informed Evans of his right to review the record and to file a *pro se* response.[1] *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see*

---

[1] Counsel has informed this Court that she has provided the appellate records to Evans. *See Kelly v. State*, 436 S.W.3d 313, 321-22 (Tex. Crim. App. 2014).

*also Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Evans has not filed a *pro se* response. *See Schulman*, 252 S.W.3d at 409.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988). We have reviewed the entire record in each appeal and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. The judgments of the trial court are therefore affirmed.

In accordance with *Anders*, Evans's attorney has asked this Court for permission to withdraw as counsel for Evans. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see also Schulman*, 252 S.W.3d at 408 n.17 (quoting *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.")). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgments to Evans and to advise him of his right to file a

petition for discretionary review.[2]  *See* TEX. R. APP. P. 48.4; *see also Schulman*, 252 S.W.3d

at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


                        REX D. DAVIS
                        Justice

Before Chief Justice Gray,
       Justice Davis, and
       Senior Justice Scoggins[3]
Affirmed
Opinion delivered and filed February 27, 2019
Do not publish
[CRPM]



---

[2] No substitute counsel will be appointed.  Should Evans wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of this opinion or from the date the last timely motion for rehearing was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3.  Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4; *see also Schulman*, 252 S.W.3d at 409 n.22.

[3] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).